## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **RANDY COOK,** ) | |
|           **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No. 06-2229** |
| **LIZ DOE, JOHN DOE, and** ) | |
| **NIEMANN FOODS, INC.,** ) | |
| **d/b/a County Market,** ) | |
|           **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In December 2006, Plaintiff Randy Cook filed a Complaint (#3) against Defendants, Liz Doe and the owner or owners of County Market. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In February 2007, Defendant Liz Doe filed a Motion To Dismiss (#12). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#12)** be **GRANTED**.

### I. Background

The following background is based on the complaint. At relevant times, Liz Doe worked as a cashier at County Market. On December 12, 2006, Plaintiff, who is black, and his fiancée, who is white, were shopping at County Market. Plaintiff asked Liz if he and his fiancée could come through her lane and she sent them to another lane and allowed a white woman to go through her line in front of Plaintiff and his fiancée. Plaintiff then spoke to Joe Lewis, the assistant manager, who agreed with Plaintiff that Liz's behavior was inappropriate and apologized to Plaintiff and his fiancée.

Plaintiff states in his complaint that Doe's conduct clearly showed racial discrimination and racial profiling in violation of 42 U.S.C. § 1983 (hereinafter "Section 1983").

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis

Defendant Liz Doe argues that the Court should dismiss the claims against her because Plaintiff failed to state a claim pursuant to Section 1983.  Specifically, Defendant contends that Plaintiff failed to allege that Defendant was acting under color of law and that, furthermore, she could not be acting under color of law because Plaintiff alleged that she worked for County Market, a private corporation.  The Court agrees.

To state a claim pursuant to Section 1983, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law, and that this conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Moore v. Muncie Police and Fire Merit Comm'n,* 312 F.3d 322, 326 (7th Cir. 2002).

Action occurs "under color of law" when it "involves a misuse of power, 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Honaker v. Smith*, 256 F.3d 477, 484 (7th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).  The color of law requirement does not require the defendant to be a government official.  It is enough that she is a willful participant in joint action with the State or its agents.  "Private persons, jointly engaged with state officials in the challenged action, are

acting 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

Here, Plaintiff has not alleged the color of law element. He has alleged that Defendant worked as a cashier for County Market which is not a government entity. There is no hint in the complaint of any government involvement in the alleged discrimination and profiling. Accordingly, Plaintiff has failed to state a claim and the Court recommends granting the motion to dismiss.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant Doe's Motion To Dismiss **(#12)** be **GRANTED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of March, 2007.

                                                        s/ DAVID G. BERNTHAL
                                                        U.S. MAGISTRATE JUDGE